**CANISTER CO. v. UNITED STATES.**

No. 46658.

Court of Claims.

April 7, 1947.

Thomas N. Tarleau, of New York City (Sandow Homan and Wilkie, Otis, Farr & Gallagher, all of New York City, on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Sewall Key, Asst. Atty. Gen. (Robert N. Anderson and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

**WHITAKER, Judge.**

We are confronted with several odd things in this case. In the first place, the taxpayer paid more taxes than the Collector demanded that he pay.

On February 27, 1943, a revenue agent made a report on plaintiff's income and excess profits tax liability, showing an overassessment of income taxes of $3,351.99 and a deficiency in excess profits tax of $3,011.88. A so-called "90-day letter," or deficiency letter, from the Commissioner of Internal Revenue followed on June 16, 1944, notifying plaintiff of the deficiency and overassessment as found by the revenue agent. This was followed on October 19, 1944, by the issuance of a notice and demand on plaintiff for the payment of the deficiency in excess profits tax, which with interest amounted to $3,598.00, less the overpayment in income tax of $3,351.99, leaving a balance due of $246.01, payment of which was demanded. Instead of paying the balance alleged to be due, the taxpayer paid the amount of the asserted deficiency in excess profits tax, with interest, and filed a claim for refund of the stated overpayment of income taxes.

This unusual behavior aroused the interest of the Bureau of Internal Revenue. It had one of its agents investigate further the taxpayer's right to a refund of the income taxes.

This agent came back with the assertion that it was not entitled to the refund, because for the year in question it had used the wrong basis for its depreciation deduction, and that if it had used the correct basis, it would have owed a much larger excess profits tax which would have more than offset the overpayment in income tax as previously found by the Commissioner.

The Commissioner of Internal Revenue, however, did not formally reject plaintiff's claim for refund, and six months having elapsed without any action upon it, the taxpayer brought this suit to recover the amount of the overpayment in income taxes stated by the Collector of Internal Revenue in his notice and demand.

1. On the trial the plaintiff in proof of its case contented itself with the introduction of the Revenue Agent's report, the deficiency letter of the Commissioner of Internal Revenue, and the notice and demand of the Collector of Internal Revenue showing the overpayment of income taxes, and with proof of its payment of the asserted deficiency in excess profits tax.

Defendant then undertook to show that the Revenue Agent and the Commissioner of Internal Revenue in his deficiency letter had used an incorrect basis for the depreciation deduction and, hence, that these letters did not establish that a refund was due plaintiff.

For twenty years the taxpayer had been deducting depreciation on the valuation of its assets as carried on its books, and this had been acquiesced in by the Bureau of Internal Revenue. But the Revenue Agent assigned to report on plaintiff's claim for refund said this was wrong; he said these assets had been entered on the books at an inflated value. Whether on not this has been proven is the issue presented.

The burden of proving that the deficiency letter of the Commissioner and the notice and demand based on it were incorrect is on the defendant. The introduction of the statement in the deficiency letter and in the notice and demand that plaintiff had overpaid its income taxes, unexplained, was sufficient proof of that fact. The burden of proving that the Commissioner of Internal Revenue was in error in making that statement was on the defendant. The issue is, whether or not the defendant has carried that burden.

Raphael T. Garfein, who later changed his name to Gwathmey, was the president of the plaintiff and its sole stockholder, except for qualifying shares. This company was organized on April 19, 1924, and commenced business on April 21, 1924. On April 22, 1924, The Canister Company of New Jersey executed to Garfein a bill of sale of its fiber can business together with the equipment shown on a schedule attached thereto. The consideration was $100,000. Twenty-five thousand dollars was paid in cash. The balance was evidenced by ten promissory notes of $7,500.00 each, due annually on the first of September, beginning September 1, 1925.

It was provided that the agreement might be assigned to a corporation organized by

Garfein, upon the happening of which Garfein would be released from personal obligation on the notes. Garfein assigned the bill of sale to plaintiff.

The opening entry on plaintiff's journal shows assets of $238,085.37 for "machinery, equipment, and inventory as per appraisal," and cash of $20,000. Against this R. T. Garfein was credited with $258,085.37. Then he was charged with the $258,085.37, against which a credit was set up of notes assumed by the company of $75,000 and common stock issued Garfein of $183,-085.37 This was explained as follows: "Stock issued *for the business formerly owned by The Canister Co. of N. J.* and sold to The Canister Company by R. T. Garfein. Note issue payable equal yearly maturities—First maturity Sept. 1, 1925." [Italics supplied.] The bill of sale from The Canister Company of New Jersey to Garfein transferred "the fibre can business conducted by the party of the first part [The Canister Company of New Jersey], together with the good-will thereof, and together with the equipment shown upon Schedule 'A' hereto attached."

It would seem to follow that this company set up on its books at $238,085.37 assets Garfein had purchased for $100,000.

■ They entered them not at cost to Garfein, but at a value at which they had been appraised. Depreciation had been deducted and allowed on this appraised value. This was improper, since they had been acquired from a person who was in control of the corporation immediately after the transfer. In such case depreciation must be computed on the cost to the transferor. Sections 203(b) (4) and 204(a) (8) of the Revenue Acts of 1924 and 1926, 26 U.S.C.A.Int.Rev.Acts, pages 5, 9, 149, 153. This is what the Revenue Agent did when he investigated plaintiff's claim for refund.

■ Plaintiff, however, says that the certified copy of the bill of sale was improperly admitted in evidence because it was not complete, in that Schedule "A," which listed the equipment purchased, was not attached to the certified copy.

■ The decisions are not in harmony on whether or not the entire document relied upon must be introduced in evidence. 4 Wigmore on Evidence, sec. 2102;

cases cited in 20 Am.Jur. 770. It is certainly the better practice to do so. Whether or not a part only may be introduced depends to some extent on the facts. It is improper, we think, to receive in evidence only a part of a document unless the remainder of it is available or is made available to the other party. It is well settled, at least, that where a party introduces only a part of a document, the other party may introduce so much of the remainder as is competent. Tappan v. Beardsley, 10 Wall. 427, 435, 19 L.Ed. 974; and authorities cited supra. Hence, if the remainder is not available to the other party, a part only of the document should not be received.

The original of the bill of sale, a copy of which was introduced, was in plaintiff's possession. If plaintiff thought the omitted portion material to the issue, it was available to it and could have been introduced by it. Under such circumstances we do not think it was erroneous to have received the bill of sale without the schedule.

Indeed, the schedule would have added nothing that is material to the issue presented. In proof of its right to recover, plaintiff relied alone on the computation of its income tax liability by the Commissioner of Internal Revenue. Defendant, to rebut this, sought to show that that computation was incorrect because the cost basis had not been used in computing the depreciation deduction. Defendant showed the basis used and by the introduction of the bill of sale without the schedule showed that the cost was much less than this. Thus, it showed that the Commissioner's computation of plaintiff's income tax liability as set out in his deficiency letter was incorrect, and, therefore, afforded no basis for the rendition of a judgment in plaintiff's favor.

But plaintiff says there was no evidence to show that the assets transferred to plaintiff consisted alone of the assets it had purchased under the bill of sale. The entry on the journal, taken in connection with the bill of sale, clearly indicates that they were. It reads, "stock issued *for the business formerly owned by The Canister Co. of N. J.* and sold to The Canister Company by R. T. Garfein." [Italics supplied.] If other assets were included in those transferred, Garfein could have so

testified. His silence lends support to the apparent meaning of the journal entry.

2. In the month of March 1926 plaintiff set up on its journal land at $25,000 and buildings at $300,957.35, and equipment at $16,027.62. Defendant seeks to show these cost but $70,000.00. To do so it introduces, first, a certified copy of a lease, dated April 22, 1924, from The Canister Company of New Jersey to Garfein, of "the premises * * * shown upon Schedule 'A', but only so much thereof as is enclosed in red lines, together with the buildings, improvements and appurtenances, structures and sidings located thereon. * * *" Schedule A was not attached to the copy introduced in evidence. This lease contained an option to purchase the property enclosed in red lines on the schedule for $100,000, and the property not enclosed in red lines for $50,000. It also gave Garfein the right to assign the lease to plaintiff. Defendant then introduced a deed from The Canister Company of New Jersey to plaintiff, dated April 12, 1926, for certain premises described by metes and bounds.

It is impossible to tell from a comparison of these documents whether or not the premises conveyed are the same as those leased and, hence, the option in the lease, upon which defendant relies, gives no clew to the purchase price. The consideration stated in the deed is "$100.00 and other good and valuable consideration lawful money of the United States."

Defendant sought to bridge the gap by introducing copies of letters alleged to have passed between Garfein and The Canister Company of New Jersey. These letters were copied by the revenue agent from copies appearing in what he says were the minutes of the meetings of the Board of Directors. These minutes were not introduced nor identified by anyone competent to do so. The Commissioner properly sustained an objection to the introduction of these copies.

Without these letters in evidence there is not sufficient evidence to rebut the presumptive correctness of the entries on the books as to the amount paid for these assets.

However, defendant has demonstrated that the computation in the deficiency letter of the Commissioner of Internal Revenue was erroneous, so far as is concerned the machinery, equipment and inventory covered by the bill of sale of April 22, 1924. The computation, therefore, does not constitute a basis for the rendition of a judgment in plaintiff's favor, and this is plaintiff's sole proof. In just what amount plaintiff overpaid its taxes, if any, we do not know. The burden is on plaintiff to prove this.

3. No account stated resulted from the dealings between the parties. Plaintiff's action in not paying the net balance demanded by the Commissioner of Internal Revenue, but in paying, instead, the deficiency in excess profits taxes and in filing claim for refund of the overpayment of income tax shows that plaintiff did not acquiesce in the Commissioner's statement of the account. Without an agreement on the account by both parties an account stated does not arise.

In defendant's notice and demand interest was charged on the deficiency in excess profits tax, but no interest was allowed on the overpayment in income taxes. Presumably, for this reason, plaintiff refused to pay the balance demanded, but paid instead the deficiency in excess profits tax and filed claim for refund of the overpayment of income taxes. Had this claim been allowed the taxpayer would have been entitled under the law to interest on the amount to be refunded.

At any rate, it did not agree to the balance stated and, therefore, no account stated arose.

4. It is unnecessary for us to consider defendant's other defense, that plaintiff did not file a timely claim for refund.

It results that plaintiff has not proven that it has overpaid its taxes and, therefore, it is not entitled to recover. Its petition will be dismissed. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.